# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2010

No. 10-60036
Summary Calendar

Lyle W. Cayce
Clerk

BOBBY TYRONE SIAGIAN,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A095-629-774

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Bobby Tyrone Siagian, a native and citizen of Indonesia, petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying his motion for reconsideration. We review the denial of a motion to reconsider under a "highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).

Siagian argues that as an Indonesian Christian, he is a member of a "disfavored group" as defined in *Sael v. Ashcroft*, 386 F.3d 922, 924-25 (9th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2004), and that the Ninth Circuit extended the disfavored group analysis to withholding of removal cases in *Wakkary v. Holder*, 558 F.3d 1049, 1052, 1068-69 (9th Cir. 2009), and more recently in *Tampubolon v. Holder*, 598 F.3d 521, 524-27 (9th Cir.), *amended and superseded on denial of rehearing*, 610 F.3d 1056 (9th Cir. 2010). Siagian argues that the BIA erred in denying his motion for reconsideration because the BIA failed to apply the disfavored group analysis. The Government argues that Siagian failed to exhaust his claim that he is a member of a disfavored group.

"A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Failure to exhaust an issue before the BIA creates a jurisdictional bar. *Omari v. Holder*, 562 F.3d 314, 317-19 (5th Cir. 2009). Although Siagian now avers that he is a member of a disfavored group and that the BIA erred in denying his motion for reconsideration without conducting a disfavored group analysis, he did not raise these arguments in his motion for reconsideration. Because Siagian has failed to exhaust administrative remedies, this court lacks jurisdiction. *See Omari*, 562 F.3d at 317-19.

Siagian's petition for review is DISMISSED.